IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SAVINA R. W.,[1]                           6:20-cv-01078-BR

          Plaintiff,                       OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.


**KEVIN KERR**
Kerr Robichaux & Carroll
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

          Attorneys for Plaintiff

**SCOTT ERIK ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

          [1] In the interest of privacy this Court uses only the first
name and the initial of the last name of the nongovernmental
party in this case.  Where applicable, this Court uses the same
designation for the nongovernmental party's immediate family
member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH J. LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2212

        Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Savina R. W. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

### I.  Prior Administrative Proceedings

On April 12, 2007, Plaintiff protectively filed applications for DIB and SSI benefits (the 2007 Claims).

Tr. 133, 135, 143, 383.  Plaintiff alleged a disability onset
date of November 1, 2006.  Tr. 135, 143.  Plaintiff's
applications were denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on March 29, 2010.
Tr. 32-75.  At the hearing Plaintiff requested a closed period
from the alleged disability onset date of November 1, 2006,
through June 30, 2008.  Tr. 37.  Plaintiff and a vocational
expert (VE) testified at the hearing.  Plaintiff was represented
by an attorney at the hearing.

On April 21, 2010, the ALJ issued an opinion in which he
found Plaintiff was not disabled for the closed period from
November 1, 2006, to June 30, 2008, and, therefore, Plaintiff
was not entitled to benefits.  Tr. 27.  Plaintiff requested
review by the Appeals Council.

On September 10, 2010, the Appeals Council denied
Plaintiff's request to review the ALJ's decision for the 2007
Claims, and that decision became the Commissioner's final
decision.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).
Tr. 1.

On November 15, 2010, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision for the 2007
Claims.

On March 1, 2012, this Court remanded the case for the 2007 Claims for further proceedings. Tr. 512.

On May 18, 2010, Plaintiff again filed applications for DIB and SSI benefits (the 2010 Claims). Tr. 1014. Plaintiff alleged a disability onset date of November 10, 2009. Plaintiff's applications were denied initially and on reconsideration. Tr. 532. Plaintiff did not seek further review of the 2010 Claims. Tr. 532.

On May 23, 2012, the Appeals Council ordered remand of the 2007 Claims pursuant to the District Court's Order. Tr. 525. The Appeals Council also directed the ALJ to combine the 2007 Claims and the 2010 Claims. Tr. 527.

On June 14, 2013, Plaintiff filed her third applications for DIB and SSI benefits (the 2013 Claims). Tr. 971, 976. Plaintiff again alleged an onset date of November 10, 2009. Tr. 971, 976. The 2013 Claims were denied initially and on reconsideration. Tr. 831, 838.

On December 4, 2013, another ALJ issued a Recommended Decision for the 2007 and 2010 Claims. Tr. 532-47. The ALJ declined to reopen the 2010 Claims on the ground that Plaintiff had not appealed the 2010 Claims after the initial state-agency determination. Tr. 532. The ALJ addressed only the original

requested closed period of November 1, 2006, through June 30, 2008, for the 2007 Claims and recommended Plaintiff to be found not disabled for the closed period. Tr. 546.

On October 12, 2016, an ALJ issued a decision on the 2013 Claims, in which the ALJ concluded Plaintiff was not disabled from November 10, 2009, through October 12, 2016. Tr. 657. Plaintiff requested review of this decision by the Appeals Council. Tr. 665.

On September 17, 2018, the Appeals Council (1) vacated the Recommended Decision on the 2007 and 2010 Claims, (2) assumed jurisdiction of the 2007 and 2010 Claims, (3) vacated the decision on the 2013 Claims, (4) ordered the consolidation of all three claims, and (5) remanded the claims for further administrative proceedings. Tr. 666-68.

## II. Current Administrative Proceedings

On April 29, 2019, the current ALJ held a supplemental hearing pursuant to the Appeals Council's September 17, 2018, Remand Order regarding all three claims. Tr. 418-54. At the hearing Plaintiff asserted her alleged onset date to be November 10, 2009, for purposes of this proceeding. Tr. 384, 422. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the

hearing.

On May 31, 2019, the ALJ issued an opinion in which he found Plaintiff was not disabled from November 10, 2009, through May 31, 2019, and, therefore, was not entitled to benefits. Tr. 383-403. Plaintiff requested review by the Appeals Council.

On April 29, 2020, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 373-76. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On July 2, 2020, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

On June 22, 2021, the Court inquired of counsel by email regarding factual issues pertaining to the resolution of this case. The Court noted the Appeals Council directed the current ALJ on September 17, 2018, to consolidate all of Plaintiff's claims (the 2007, 2010, and 2013 Claims) for resolution. The Appeals Council's 2018 Remand Order also vacated the prior decisions for each of Plaintiff's Claims. At the hearing before the current ALJ Plaintiff reasserted or amended her alleged onset date to November 10, 2009, and the ALJ, therefore, used November 10, 2009, as Plaintiff's alleged disability onset date in his disability determination. As noted, however, Plaintiff's

2007 Claims were for a closed period of November 1, 2006, to
June 30, 2008, which predates the 2009 onset date.  In its
questions to the parties this Court pointed out that it is
unclear from the record whether Plaintiff is now withdrawing her
2007 Claims altogether based on the fact that her November 2009
onset date would not encompass her 2007 Claims inasmuch as the
ALJ's decision does not address this issue.  The Court also
noted the current ALJ found Plaintiff has not engaged in
substantial gainful activity since November 2009, which would
exclude the period relevant to Plaintiff's 2007 Claims.
Finally, the Court questioned whether it would be proper to
consider the 2007 opinion of Paul Rethinger, Ph.D., a state-
agency consultant, that was given three years before Plaintiff's
alleged disability onset date and whether it would be
appropriate to compare a medical opinion rendered three years
before Plaintiff's alleged disability onset date to medical
opinions rendered in 2013 and 2014 by other state-agency
consultants.

On June 25, 2021, in a joint email to the Court Plaintiff
stated she was withdrawing her 2007 Claims based on the
statement of Plaintiff's representative at the April 29, 2019,
hearing asserting the November 10, 2009, alleged disability

onset date, and, therefore, the 2007 Claims and the closed
period of disability from November 1, 2007, to June 30, 2008,
are moot.  In order for the Court to resolve whether Plaintiff
has been disabled since November 10, 2009, the parties also
agreed it is appropriate for the Court to consider
Dr. Rethinger's 2007 opinion even though it predated Plaintiff's
alleged disability onset date and significantly predated the
later opinions of the state-agency consultants.  The Court will,
therefore, consider Plaintiff's 2007 Claims as moot and will
consider Dr. Rethinger's opinion in conjunction with the other
medical opinions in the record.


## BACKGROUND

Plaintiff was born on October 10, 1967.  Tr. 401.
Plaintiff was 39 years old on her alleged disability onset date.
Tr. 401.  Plaintiff has at least a high-school education.
Tr. 401.  For purposes of her DIB claim, Plaintiff has past
relevant work experience as a road-roller operator, as a gas-
station attendant, and in a "composite job" consisting of
sewage-disposal worker, gate-keeper, and sanitary landfill-
equipment operator.  For purposes of her SSI claim, Plaintiff
has past relevant work experience as a road-roller operator and

courtesy clerk/bagger.  Tr. 401.

Plaintiff alleges disability due to bipolar with manic episodes, discogenic and degenerative conditions of the back, right-shoulder injury, anxiety disorder, and chronic obstructive pulmonary disease (COPD).  Tr. 76, 162, 557.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 387-99.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,*

276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d

1047, 1051 (9th Cir. 2012).  The court may not substitute its

judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454

F.3d 1063, 1070 (9th Cir. 2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial

gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648

F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the

Commissioner determines the claimant does not have any medically

severe impairment or combination of impairments.  20 C.F.R.

§§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also*

*Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner

determines the claimant's impairments meet or equal one of the

listed impairments that the Commissioner acknowledges are so

severe as to preclude substantial gainful activity.  20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*,

648 F.3d at 724.  The criteria for the listed impairments, known

as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here

the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

As noted, Plaintiff withdrew her 2007 Claims for the closed period of November 1, 2006, to June 30, 2008, and asserted an alleged onset date of November 10, 2009, for purposes of the current decision.

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since November 10, 2009, Plaintiff's alleged disability onset date. Tr. 386.

At Step Two the ALJ found Plaintiff has the severe impairments of cervical spine spondylosis with radiculopathy, lumbar degenerative disc disease with spondylosis, right-shoulder degenerative joint disease with tendinitis, COPD,

13 - OPINION AND ORDER

migraines, bilateral carpal-tunnel syndrome, panic disorder,
bipolar disorder, anxiety disorder, and post-traumatic stress
syndrome (PTSD).  Tr. 387.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 387.  The ALJ found Plaintiff has the RFC to
perform light work with the following limitations:

> Occasional overhead reaching with the right upper
> extremity; occasional climbing of ramps or stairs;
> avoid climbing ladders, ropes, or scaffolds;
> occasional stooping, crouching, kneeling, or crawling;
> avoid working around moving mechanical parts or
> unprotected heights; avoid operating a motor vehicle;
> avoid exposure to dusts, pollen, fumes, and other
> pulmonary irritants; ability to understand, remember,
> and carry out simple, routine tasks, using judgment
> limited to simple work-related decisions; occasional
> interaction with supervisors, coworkers, and the
> general public; dealing with changes in the work
> setting limited to simple work-related decisions; and
> time off-tasks consistent with normal breaks.

Tr. 389.

At Step Four the ALJ concluded Plaintiff is unable to
perform her past relevant work.  Tr. 400-01.

At Step Five the ALJ found Plaintiff can perform other jobs
that exist in the national economy such as basket-filler,
marker, and electronic-accessories assembler.  Tr. 402.
Accordingly, the ALJ found Plaintiff was not disabled from

November 10, 2009, to May 31, 2019.  Tr. 402-03.


## DISCUSSION

Plaintiff contends the ALJ erred when he failed to provide legally sufficient reasons for discounting Dr. Rethinger's opinion regarding Plaintiff's limitation in completing 1-2 step tasks.  Plaintiff asserts as a result of the ALJ's failure to include the 1-2 step limitation in his evaluation of Plaintiff's RFC and in his hypothetical to the VE, the ALJ relied on VE testimony in which he identified only basket-filler as a job that exists in substantial numbers in the economy and is compatible with that limitation.

Plaintiff contends the ALJ erred when he failed to include findings made by Dr. Rethinger regarding Plaintiff's functional mental-health limitation to 1-2 step tasks.

## I.   Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's

weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528
F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is
contradicted by another doctor's opinion, an ALJ may only reject
it by providing specific and legitimate reasons that are
supported by substantial evidence." *Id.* When contradicted, a
treating or examining physician's opinion is still owed
deference and will often be "entitled to the greatest
weight . . . even if it does not meet the test for controlling
weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An
ALJ can satisfy the "substantial evidence" requirement by
"setting out a detailed and thorough summary of the facts and
conflicting clinical evidence, stating his interpretation
thereof, and making findings." *Reddick,* 157 F.3d at 725. "The
ALJ must do more than state conclusions. He must set forth his
own interpretations and explain why they, rather than the
doctors', are correct." *Id.* (citation omitted).

## II.  **Analysis**

On May 30, 2007, Dr. Rethinger opined Plaintiff is "limited
to being able to sustain sufficient CPP [concentration,
persistence, and pace] to complete simple 1-2 step task[s] on a
consistent basis in a normal 40[-]hour work week." Tr. 304.

Social Security Regulations provide an ALJ is required to evaluate all medical opinions (20 C.F.R. §§ 404.1527(c), 416.927(c)) together with the state-agency medical consultants' opinions in the record (20 C.F.R. §§ 404.1513a(b), 416.913a(b)). As noted, here the parties agree the Court should consider Dr. Rethinger's opinion even though it predates Plaintiff's alleged disability onset date of November 10, 2009.

On March 4, 2013, William Trueblood, Ph.D., performed a consultative psychological examination of Plaintiff regarding her bipolar disorder. Tr. 1229-31. Dr. Trueblood indicated Plaintiff does not have any impairment in her ability to understand, to remember, or to carry out simple instructions. Tr. 1229. He noted Plaintiff has a mild impairment in her ability to understand and to remember complex instructions and moderate impairment in her ability to carry out complex instructions. Tr. 1229. Dr. Trueblood also noted Plaintiff has mild impairment in her ability to interact appropriately with the public, supervisors, and coworkers. Tr. 1230.

On August 21, 2014, Megan Nicoloff, Psy.D., a state-agency reviewing consultant, concluded Plaintiff is able to "consistently maintain attention and concentration [for] simple tasks and routines." Tr. 613.

As noted, the current ALJ concluded Plaintiff is able to perform light work with a limitation to "understand, remember and carry out simple, routine tasks." Tr. 389. The ALJ gave "partial weight" to Dr. Trueblood's opinion and agreed with Dr. Trueblood that Plaintiff was limited to understanding, to remembering, and to carrying out "simple task[s]" and that this finding was "supported by the overall record." Tr. 398. The ALJ, however, concluded Plaintiff is limited to only occasional interactions with others. Tr. 398. Accordingly, the ALJ stated:

> Partial weight is given to the state agency psychological consultants' assessment for simple routine tasks. (Exs. 18A, 19A). The undersigned agrees, but finds that further limitations are appropriate, including limitation to making only simple work-related decisions, and no more than occasional contact with supervisors, coworkers, and the general public. This adopts the 2007 state agency assessment. (Ex. 7F).

Tr. 399.[2]

Based on this statement Plaintiff contends the ALJ

-------

[2] Ex. 18A is the Disability Determination Explanation for the DIB claim at the Reconsideration Level. Tr. 596-615. Ex. 19A is the Disability Determination Explanation for the DIB claim at the Reconsideration Level. Tr. 616-35. Ex. 7F is Dr. Rethinger's Mental Residual Functional Capacity Assessment dated May 30, 2007. Tr. 302-04.

"expressly adopted" Dr. Rethinger's opinion but failed to discuss or to include Dr. Rethinger's 1-2 step limitation in the ALJ's assessment of Plaintiff's RFC.

The ALJ, however, stated:

> I agree that limitation to understanding, remembering, and carrying out simple tasks, as well as limitation to only simple work-related decisions are appropriate and supported by the overall record, including Dr. Trueblood's findings of memory and attention/concentration impairment.

Tr. 398. The ALJ's statements are consistent with Dr. Rethinger's check-box assessment that Plaintiff was not significantly limited in her ability to understand, to remember, and to carry out short and simple instructions or to concentrate for extended periods. Tr. 302. Thus, although the ALJ agreed with Dr. Rethinger's checkbox assessment of Plaintiff's limitations, the ALJ gave more weight to the opinions of Drs. Trueblood and Nicoloff limiting Plaintiff to simple work on the ground that their opinions were supported by the overall record. In other words, the ALJ did not adopt that part of Dr. Rethinger's opinion that limited Plaintiff to 1-2 step tasks. An ALJ may give more weight to an opinion that aligns with the overall record. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

Based on the record as a whole, the Court concludes the ALJ

reasonably concluded Plaintiff could perform simple tasks and was not limited to tasks of 1-2 steps. The Court, therefore, concludes the ALJ did not err in his assessment of Plaintiff's RFC when he discounted Dr. Rethinger's opinion and did not include a limitation to tasks of 1-2 steps. Accordingly, the Court concludes the ALJ did not err when he discounted Dr. Rethinger's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record.

Based on the ALJ's assessment of Plaintiff's RFC, the Court also concludes the ALJ reasonably relied on the VE's testimony that identified jobs in the national economy that Plaintiff could perform within the limitations of Plaintiff's assessed RFC. Each of the jobs identified by the VE has a Reasoning Level of One or Two, and, therefore, does not conflict with a limitation to simple routine tasks. Tr. 402, 444. Accordingly, the Court is not required to address Plaintiff's other arguments such as whether the basket-filler job exists in sufficient numbers in the economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

      IT IS SO ORDERED.

      DATED this 1st day of July, 2021.

                           /s/ Anna J. Brown
                     _____
                     ANNA J. BROWN
                     United States Senior District Judge